UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY MICHAEL BUTLER,
#175287,

    Plaintiff,                                         Civil Action No. 21-CV-10045

vs.                                                   HON. BERNARD A. FRIEDMAN

CHRISTOPHER SWANSON, et al.,

    Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

        This matter is presently before the Court on plaintiff's application to proceed in forma pauperis [docket entry 7]. Plaintiff, a detainee at Genesee County Jail, filed suit under 42 U.S.C. § 1983 against twenty named defendants, all of whom are employees of the Genesee County Sheriff Department. Plaintiff asserts that defendants refuse to provide him adequate postage for unspecified legal mail, copies of unspecified legal materials, and grievance forms to complain about these issues. For the following reasons, the Court shall grant plaintiff's application to proceed in forma pauperis and dismiss the complaint for failure to state a claim upon which relief may be granted.

        Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the person submits an affidavit demonstrating that he/she "is unable to pay such fees or give security therefor." In the present case, plaintiff's application to proceed in forma pauperis makes the required showing of indigence. The Court

shall therefore grant the application and permit the complaint to be filed without requiring plaintiff to prepay the filing fee.

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court must dismiss a pro se prisoner complaint if it is frivolous, fails to state a claim, or seeks monetary relief against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c).

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by federal law or the U.S. Constitution and must show that the deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Plaintiff's pleadings contain few factual allegations. The initial complaint names three defendants: the Genesee County Sheriff, the Undersheriff, and the Jail Administrator. *See* Compl. at 1-2. Plaintiff claims that defendants

> directed their subordinates (captains, Lieutenants, sergeants, and deputies) and subcontracting company (Aramark) to not provide any postage beyond basic 1 oz postage to prisoners as well as directing their subordinates not to provide copies of legal materials. I attempted to request the above items, available to me through MDOC policy, and was denied the requested items as well as a grievance to address the issue in a grievance request, request #53812 in the jail's kiosk request system.

*Id*. at 3. Plaintiff does not disclose the nature of the legal mail and materials at issue, only stating that defendants' actions caused "detriment to my criminal plight." *Id*. at 4. He claims that the defendants' actions have resulted in "severe anxiety, severe depression, and denial of access to the courts." *Id*. Plaintiff seeks $250,000 in damages. *See id*.

Plaintiff's amended complaint names an additional seventeen defendants, all of whom are employees of the Genesee County Sheriff Department. *See* Am. Compl. at PageID.17-

18, 22-23. Plaintiff states that the events described in his initial complaint occurred on numerous occasions between September 13, 2019, and February 18, 2021, reiterates the injuries listed in his initial complaint, and seeks $1 million in damages. *See id*. at PageID.18-19,

While a complaint need not contain detailed factual allegations, it must include more than "mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive dismissal, the Court must find that the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly*/*Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1)).

Regarding defendants' alleged failure to provide plaintiff with sufficient postage and copies of "legal materials" necessary to pursue his "criminal plight," it is well established that prisoners have a constitutional right to access the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right prohibits prison officials from erecting barriers that may impede such access. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992). An indigent prisoner's constitutional right to legal resources and materials is, however, not without limit. For plaintiff's claim to be viable, it must demonstrate "actual injury," *Lewis v. Casey*, 518 U.S. 343, 349 (1996) – i.e., that the alleged barrier to court access or shortcomings in the prison legal assistance program hindered his efforts to pursue a specifically identified, nonfrivolous legal claim. *See id*. at 351-53.

The Supreme Court has limited the types of legal claims that may trigger a prisoner's right to access the courts, stating that the right

> does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only," *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc), and the underlying action must have asserted a non-frivolous claim. *See Lewis*, 518 U.S. at 353. Moreover, "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

In the instant case, plaintiff fails to identify any underlying cause of action that has been lost or harmed because he was not provided adequate postage or copies of unspecified legal materials. Plaintiff's reference to his "criminal plight" is much too vague to assert the sort of "actual injury" described in *Lewis* and *Thaddeus-X*. Accordingly, plaintiff has failed to state a claim for a violation of his right to access the courts.

As to plaintiff's claim that defendants allegedly prevented him from filing grievances, this claim does not implicate plaintiff's rights under federal law or the U.S. Constitution. Courts have repeatedly held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). Nor does state law

create a liberty interest in such a grievance procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001). Consequently, these allegations similarly fail to state a claim upon which relief may be granted. Accordingly,

IT IS ORDERED that plaintiff's application to proceed in forma pauperis is granted.

IT IS FURTHER ORDERED that the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c) for failing to state a claim upon which relief may be granted.

Dated: April 15, 2021  
Detroit, Michigan

s/Bernard A. Friedman  
Bernard A. Friedman  
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on April 15, 2021.

Anthony Michael Butler, #175287  
Genesee County Jail  
1002 South Saginaw  
Flint, MI 48502

s/Johnetta M. Curry-Williams  
Case Manager